UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Donald Guichard,                                  :          CV:
                                                  :
                              Plaintiff,          :          COMPLAINT
              - against -                         :
                                                  :          **JURY TRIAL**
County of Suffolk, Suffolk County Police Department, :       **DEMANDED**
(SCPD) SCPD Officer James Mannetta, and SCPD      :
Police Officers John Does #1-#7) (in their official and :
individual capacities).                           :
                                                  :
                              Defendants.         :
------------------------------------------------------------------X

Plaintiff, Donald Guichard, by his attorneys SCOTT MICHAEL MISHKIN, P.C.,

complaining of the Defendants, allege as follows:

## PRELIMINARY STATEMENT

This matter is brought pursuant to (1) 42 U.S.C. § 1983 et seq. (hereinafter referred

to as "§1983") due to Defendants' deprivation of plaintiff rights secured by the Due Process

Clause of the Fourteenth Amendment not to be punished without Due Process and Equal

Protection of law or deprived of liberty without probable cause, and to be free from cruel

and inhuman punishment under the Eighth Amendment (2) the tort of false arrest; (3)

unlawful imprisonment; (4) prima facie tort; (5) negligence; (6) gross negligence; and (7)

against County of Suffolk (hereinafter referred to as "County") and Suffolk County Police

Department (hereinafter referred to as "SCPD") for negligent hiring, retention, and

supervision of its employees and agents.

## JURISDICTION

FIRST:          The jurisdiction of the Court over this controversy is based upon

28 U.S.C. § 1331, as plaintiffs bring this action as a federal question under 42 USC §1983.

SECOND:    The Court also has supplemental jurisdiction over this case pursuant to 28 U.S.C. §1367(a), as plaintiff's New York State claims form part of the same case and controversy.

## VENUE

THIRD:    The unlawful practices alleged below were committed within Suffolk County in the State of New York.

FOURTH:    At the time of the unlawful practices, plaintiff was a resident of Suffolk County in the Eastern District of the United States District Court of New York.

FIFTH:    The County of Suffolk is a municipality with offices located at the H. Lee Dennison Building, 100 Veterans Memorial Highway, in Hauppauge, New York, County of Suffolk.

SIXTH:    The SCPD is a municipal police force with offices located at 30 Yaphank Avenue, Yaphank, New York, in the County of Suffolk.

SEVENTH:    SCPD Police Officer James Mannetta (hereinafter referred to as "Mannetta"), acting in his official and individual capacity, maintains a business address of 30 Yaphank Avenue, Yaphank, New York 11980, in the County of Suffolk.

EIGHTH:    Upon information and belief, SCPO's John Does #1-#7, acting in their official and individual capacities, maintain a business address of 30 Yaphank Avenue, Yaphank, New York 11980, in the County of Suffolk.

NINTH:    This court is hereby the proper venue under 28 U.S.C. §1391(b).

**PARTIES**

TENTH:     Donal Guichard (hereinafter referred to as "Plaintiff") was deprived of his constitutional rights, and was subjected to various torts, by the County, SCPD, Mannetta and SCPO's John Does #1-#7.

ELEVENTH: The County, SCPD, Mannetta and SCPO's John Does #1-#7, directly participated in the conduct complained of by plaintiff.

TWELFTH:    Mannetta is an employee of the County and SCPD, who, at the time of the unlawful practices complained of herein, was a Police Officer at defendant, and is named in his official capacity because he knew, or should have known, that his, the County's, and SCPD's, ongoing willful and malicious actions against the plaintiff were in violation of plaintiff's constitutional rights.

THIRTEENTH:     Mannetta is sued individually and in his official capacity. At all times relevant to this complaint Mannetta was acting under the color of State law. That at all times hereunder mentioned, Mannetta was and still is an agent, servant, and/or employee of the defendant, the County of Suffolk, and willfully and with the intent to cause harm to plaintiff knowingly violated plaintiff's constitutional rights.

FOURTEENTH:     SCPO's John Does #1-#7, are employees of the County and SCPD, who, at the time of the unlawful practices complained of herein, were a Sergeant and SCPO's at defendant, and are named in their official capacities because they knew, or should have known, that their, the County's, and SCPD's ongoing willful and malicious actions against the plaintiff were in violation of plaintiff's constitutional rights.

FIFTHTEENTH:     SCPO's John Does #1-#7 are sued individually and in their official capacities. At all times relevant to this complaint SCPO's John Does #1-#7, were

3

acting under the color of State law.  That at all times hereunder mentioned, SCPO's John

Does #1-#7 were and still are agents, servants, and/or employees of the defendant, the

County of Suffolk, and willfully and with the intent to cause harm to plaintiff knowingly

violated plaintiff's constitutional rights.

## FACTS

SIXTEENTH: That prior to the commencement of this action and within ninety (90)

days after the cause of action herein arose, the plaintiff duly served upon defendant, the

County of Suffolk, a Notice of Claim in writing.

SEVENTEENTH:   More than 30 days have elapsed since the demand and/or

claim upon which this action is predicated against the defendant was presented to the

County of Suffolk for adjustment and/or payment thereof, and it has neglected and/or

refused to make any adjustments and/or payment.

EIGHTEENTH:      That the plaintiff gave testimony at a 50-Hearing held on

March 25, 2013, by the County of Suffolk.

NINETEENTH: On Friday, September 21, 2012, plaintiff dialed 911 and asked for

defendants' assistance, as he was being subjected to a robbery and assault.

TWENTY:    In response to plaintiff's emergency 911 telephone call, defendants'

arrived at Wading River Road, Manorville, in Suffolk County.

TWENTY FIRST:    Defendants arrived at Wading River Road Manorville, in and

with on or about five (5) SCP vehicles.

TWENTY SECOND: One of the Police vehicles had the number 712 on it.

TWENTY THIRD:    When defendants arrived, plaintiff got out of his new 2012

Nissan Versa sedan.

4

TWENTY FOURTH: Plaintiff noticed a tall police officer with black hair and the asked him where the guy was that was fighting with him and told defendant John Doe with the black hair that he wanted this man arrested.

TWENTY FIFTH:     In response defendant John Doe told plaintiff he was going to be under arrest for assault and robbery.

TWENTY SIXTH:     Plaintiff did not understand why he was going to be arrested for assault and robbery when he telephone 911 and asked for assistance because he was being robbed and assaulted.

TWENTY SEVENTH:     A bald headed defendant John Doe got into plaintiff's face, cursed him with every curse word in the book, and said "you like fighting, I just arrested you two weeks ago for assault and battery in Eastport."

TWENTY EIGHTH:  Plaintiff responded that he did not know what he was talking about and bald headed John Doe told plaintiff he was a "f**king liar."

TWENTY NINTH:    Plaintiff told him that he was a mistaken, and then another defendant Mannetta came up to plaintiff, and said to the bald headed John Doe, that plaintiff was right he was not the one the bald headed John Doe arrested two weeks ago in Eastport.

THIRTY:     However, Mannetta falsely arrested plaintiff anyway, as will be seen herein.

THIRTY FIRST:     When plaintiff then proceeded to advise defendants of how he was robbed and assaulted, the bald headed John Doe told plaintiff he was a "f**king liar."

THIRTY SECOND:   The bald headed John Doe then said to plaintiff "I know you from somewhere," to which plaintiff replied from February 7, 2013.

THIRTY THIRD:   To which the bald headed John Doe replied "You're the marijuana guy, you got busted for pot."

THIRTY FOURTH:   The bald headed starting screaming.

THIRTY FIFTH:   The bald headed John Doe then started screaming in plaintiff face that he was the "marijuana man," and "You have marijuana in your car."

THIRTY SIXTH:   Without plaintiff permission, and with no probable cause, bald headed John Doe began searching plaintiff's car.

THIRTY SEVENTH:   Plaintiff told defendant bald headed John Doe to get out of his car, to which the officer cursed at plaintiff, and opened the car door and began searching the inside front of the car.

THIRTY EIGHTH:   Plaintiff had a duffle bag in the back seart of the car.

THIRTY NINTH:   Without plaintiff's permission or probable cause, bald headed John Doe opened plaintiff's duffle bag and searched it, which contained six batteries with Sawzalls blades used to cut steel.

FORTY:   Plaintiff told bald headed John Doe to get out of his car that he did not authorize him to search his car and that he had no probable cause to search his car.

FORTY FIRST:   Now the officer who was searching the car went into a frenzy, and told another John Doe to pop the trunk of plaintiff's car.

FORTY SECOND:   The only items in the trunk were a tackle box, the car jack and a tire.

FORTY THIRD:   The bald headed John Doe, then shut the trunk, and the directed another John Doe, to "Open up it again," to which the John Doe, without plaintiff's permission.

FORTY FOURTH:   The bald headed officer then took everything out of plaintiff's trunk and threw it on the street.

FORTY FIFTH:   The officer then started pulling the liner out of the car, and ripped all of the cars trunk liner out of plaintiff's brand new car.

FORTY SIXTH:   The bald headed John Doe was going crazy, jumping up in the air, saying "I know you got a secret compartment in here," and looked underneath plaintiff's car.

FORTY SEVENTH:   He stated "There's got to be weed here, he's Mr. Marijuana," and directed another John Doe to pop the hood of plaintiff's car, to which the John Doe did, without plaintiff's permission.

FORTY EIGHTH:   "I know he's got to have it underneath here," said the bald headed John Doe.

FORTY NINTH:   "I know you have marijuana," he said, to which plaintiff stated "I do not have any marijuana."

FIFTY:   The bald headed John Doe then said "You must have all the marijuana in a building on the property," to plaintiff said lets go back to my property and arrest the people that robbed and assaulted him.

FIFTY FIRST:   The bald headed John Doe told plaintiff "You're not going anywhere.  You're only going to jail."

FIFTY SECOND:   The bald headed John Doe told plaintiff to sign a consent for search, and that the John Doe's would search his building and if there was no marijuana found in the building, they would let him leave and not go to jail.

FIFTY THIRD:        Plaintiff said "Get me the paper. I want to go with you. I have to open the gate. I have the keys for the gate," to which the bald headed John Doe said "No, you're staying here."

FIFTY FOURTH:        Plaintiff signed the consent form, and the five police cars left to search his building, and two additional police cars arrived at Wading River Road in Manorville.

FIFTY FIFTH:        On or about 20 minutes later the John Doe's arrived back at Wading River Road in Manorville, and the bald headed John Doe was kicking rocks and took his thumb and placed in down for the other John Doe's to see and stated "He's clean."

FIFTY SIXTH:        The bald headed John Doe then stated to plaintiff "F**k you, you're going to jail."

FIFTY SEVENTH:        Plaintiff stated that he needed to go to a hospital and that he needed stiches and something was messed up in his neck.

FIFTY EIGHTH:        The John Does then directed plaintiff to take a field test, placed a pen flashlight in his face and was told by a John Doe "Oh he's out there. You're under arrest for DWI."

FIFTY NINTH:        Plaintiff said he was not drinking, and then a John Doe said to he was under the influence of marijuana. Upon information and belief, Mannetta then drove plaintiff's care across the street.

SIXTY:        Plaintiff was then arrested by Mannetta, put in handcuffs and placed in one of the police vehicles.

SIXTY FIRST:        Plaintiff told Mannetta that he wanted to go to a hospital to which Mannetta responded "Well, we're going to give you a field sobriety test at the

8

precinct and you go give blood or urine," to which plaintiff stated he wanted to go the hospital.

SIXTY SECOND:     Mannetta drove the police vehicle to defendants' 7th precinct.

SIXTY THIRD:     At defendants' precinct, plaintiff was placed in a room, and was chained to a table.

SIXTY FOURTH:     Plaintiff was then told the medical examiner was going to draw his blood.

SIXTY FIFTH:     Plaintiff told Mannetta that he needed to go to the hospital, to which Mannetta stated "That ain't happening."

SIXTY SIXTH:     Plaintiff told Mannetta that his neck was killing him, and he thought he needed stiches in his right leg, all due to the assault he was subjected to while be robbed, which caused him to dial 911 for assistance.

SIXTY SEVENTH:   Plaintiff's eyes also hurt a lot due his being strangled during the assault, and his eyes did not feel right and wanted them attended to.  Plaintiff advised the Manetta that he was in pain and needed to go to the hospital.  Manetta refused.

SIXTY EIGHTH:     Plaintiff was advised that defendants' medical examiner was unavailable and that defendants' Coroner was going to draw plaintiff's blood.

SIXTY NINTH:     Plaintiff asked Mannetta that after his blood was taken could he go to the hospital, to which Mannetta stated "That's not going to happen."

SEVENTY:   Mannetta took plaintiff to cell number 1 where the toilet was backed up, feces was on the floor of the cell as was toilet paper and water, to which plaintiff stated he was not going in that cell, and was placed in cell number 2.

SEVENTY FIRST:    Manenetta stated to plaintiff "I'm going to put you in number 2 and then let you think this over about going to the hospital."

SEVENTY SECOND:        Mannetta came back to plaintiff ten minutes later and said "Are we clear on you going to the hospital," to which plaintiff replied, "Yes I am ready." Mannetta stated "You're not going to the hospital," and "I'll keep you locked up in here till Monday if you don't shut up about going to the hospital." He further stated "You want to stay in here, the unsanitary conditions till Monday? You won't go to Islip till then,"

SEVENTY THIRD:   Plaintiff said he wanted to go the hospital.  Manenetta then took plaintiff out of the cell and chained him to a desk.

SEVENTY FOURTH:        Plaintiff was then taken to another jail, where he spent the night.

SEVENTY FIFTH:    Plaintiff was arraigned the next morning and held on $5,000.00 cash bail, where he learned that the defendants police report stated that plaintiff eluded an officer, a high speed chase; crossing a double line, yellow line, several points, lost control of car and came to a sliding stop on North Jerusalem Hollow Road in the dirt and under the influence of drugs.

SEVENTY SIXTH:   Plaintiff then had to spend 6 days in jail until his bail posted.

SEVENTY SEVENTH:        Subsequently on or abut December 12, 2012, all charges against plaintiff were dismissed.  Thrown out, as blood sample and toxicology test proved plaintiff had no drugs in his system or alcohol whatsoever

SEVENTY EIGHTH:        Plaintiff was detained at defendants' police precincts against his will and without his consent where he was maliciously, recklessly, negligently and /or intentionally handcuffed and imprisoned, by defendants.

SEVENTY NINTH:   While plaintiff was detained at defendants' police precincts against his will and without his consent defendants' Mannetta and John Does #1-#7, subjected plaintiff to unnecessary serious mental abuse.

EIGHTY:     As a direct and proximate result of the misconduct of the defendants as aforesaid, the plaintiff sustained financial, as well as emotional pain and suffering.

EIGHTY FIRST:     As a direct and proximate result of the misconduct of the defendants as aforesaid, the plaintiff has sustained and continues to sustain emotional harm as he no longer feels confident and/or comfortable when in view of a Suffolk County Police Officer.

EIGHTY SECOND:   All defendants without just cause or provocation violated the plaintiff's civil rights by maliciously, recklessly, negligently and/or intentionally falsely arrested, handcuffed and falsely imprisoned plaintiff.

EIGHTY THIRD:     Defendants' acts resulted in plaintiff being deprived of his rights under the Due Process Clause of the Fourteenth Amendment, detained without probable cause, punished without Due Process and inflicted cruel and unusual punishment in violation of the Eighth Amendment.  Defendant's acts were in violation of 42 U.S.C. Section 1983, causing plaintiff to sustain physical injury and mental injuries.

EIGHTY FOURTH:   The acts and conduct of the defendants alleged in the above stated claims for relief constitute false arrest, unlawful imprisonment, *prima facia* tort, negligence, and gross negligence committed upon the plaintiff.

EIGHTY FIFTH:     This unlawful deprivation of plaintiff's property without Due Process of the law constitutes a violation of plaintiff's Fourteenth Amendment rights pursuant to §1983.

11

EIGHTY SIXTH:  While plaintiff was detained by defendants against his will and without his consent, defendants' subjected plaintiff to unnecessary serious mental abuse, in that they would not release his handcuffs after an extended amount of time, and screamed obscenities at him, which constitutes cruel and inhuman punishment, in violation of Plaintiff's Eighth Amendment rights.

EIGHTY SEVENTH:        Defendants' unlawful touching and unwarranted forced constraint and detention of plaintiff, while acting under color of state law, constituted cruel and inhuman treatment and violated plaintiff's Eighth Amendment rights pursuant to §1983.

EIGHTY EIGHTH:  All individual defendants while acting under color of state law, had personal involvement in depriving plaintiff of his Fourteenth Amendment equal protection rights, and are therefore liable for plaintiff's claims under §1983.

EIGHTY NINTH:    All individual defendants while acting under color of state law, had personal involvement in depriving plaintiff of his Eighth Amendment right of being free from cruel and inhuman punishment, and are therefore liable for plaintiff's claims under §1983.

NINETY:  All individual defendants while acting under color of state law, aided, abetted, incited, compelled and/or coerced the acts against plaintiff that are forbidden under the constitution or laws of the United States.

NINETY FIRST:  All individual defendants actually participated in the conduct giving rise to plaintiff's claims, and are thereby individually and officially liable for their willful and malicious treatment of Plaintiff which deprived him of his rights under the constitution or laws of the United States.

NINETY SECOND:  All individual defendants are named in their official capacity because they knew or should have known that their and other named defendants' ongoing, willful and malicious actions against plaintiff violated the constitutional and statutory rights of plaintiff.

NINETY THIRD:  All individual defendants personally acted under color of state law and their adverse actions bear a proximal relation to the harm claimed to have been suffered by plaintiff.

NINETY FOURTH:  As a result, all individual defendants have waived their qualified immunity.

NINETY FIFTH:  All individual defendants directly participated in conduct complained of by plaintiff, while acting under color of state law, and their conduct deprived plaintiff of his rights, privileges or immunities secured by the constitution or laws of the United States.

NINETY SIXTH:     The SCPD and its Police Officers maintain a practice of persistent failure to implement or follow SCPD procedures and policies that would ensure competent and qualified performance of the duties and responsibilities of its employees.

NINETY SEVENTH:       Such a practice of ignoring policies and procedures caused plaintiff to be denied his constitutional rights not to be punished or deprived of liberty without Due Process and Equal Protection under the law.

NINETY EIGHTH:   Such a practice of ignoring policies and procedures caused plaintiff to be denied his Eighth Amendment constitutional right to be free from cruel and inhuman punishment.

NINETY NINTH:     By the SCPD's deliberate indifference and recklessness in executing its procedures for a proper arrest, plaintiff was deprived of his property interest of receiving the government mandated benefit of proper and adequate police services, which would have precluded the cruel and inhuman treatment of plaintiff by SCPD.

ONE HUNDRED:     By the SCPD's deliberate indifference and recklessness in executing its policies and procedures, plaintiff was deprived of his property interest.

ONE HUNDRED FIRST:     By the SCPD's deliberate indifference and recklessness in executing its procedures, plaintiff was deprived of his liberty interest to be free from being falsely arrested, screamed obscenities at and being denied medical treatment by the SCPD.

ONE HUNDRED SECOND: Defendants had a duty to properly execute their duties and responsibilities as employees of the SCPD.

ONE HUNDRED THIRD:     Defendants breached their duty without excuse when they intentionally, unreasonably, and with conscious disregard to the outcome of their actions, failed to apprise plaintiff of his Miranda Rights; negligently handcuffed and imprisoned plaintiff; subjected plaintiff to unnecessary physical and mental abuse, and refusing him medical attention all amounting to gross negligence by defendants.

ONE HUNDRED FOURTH:     It was reasonably foreseeable that by defendants' breach of duties, plaintiff would be deprived of his constitutional rights.

ONE HUNDRED FIFTH: But for the defendants' failure to execute their duty as police officers properly, plaintiff would not have been subjected to serious mental abuse and a deprivation of his constitutional rights.

ONE HUNDRED SIXTH: Defendants County and SCPD, in hiring all individual defendants, had a duty to fully investigate the background and qualifications of these individuals to be employed as police officers by SCPD.

ONE HUNDRED SEVENTH: Defendants breached that duty when they intentionally, unreasonably, and with conscious indifference to the outcome of their actions, failed to properly screen or otherwise determine each man's fitness for employment at the SCPD.

ONE HUNDRED EIGHTH: It was reasonably foreseeable that by defendants breach of duties, plaintiff would suffer harm.

ONE HUNDRED NINTH: But for SCPD's breach of its duty, all individual defendants would not have been hired, and qualified police officers would have been present in their stead and would not have unlawfully and negligently falsely imprisoned plaintiff, or deprived him of his rights under the Constitution.

ONE HUNDRED TEN: SCPD's hiring of all individual defendants allowed them to be in a position to harm the public through their disregard for policies and procedures, which caused the plaintiff severe emotional harm and a deprivation of his constitutional rights.

ONE HUNDRED ELEVEN: The County and SCPD knew, or should have known, that the individual defendants had the propensity of for egregious acts of mistreatment against the public.

ONE HUNDRED TWELVE: Such negligence was committed on the SCPD's premises, in that the scene of Wading River Road in Manorville became the premises of the SCPD once SCPD officers arrived on the scene.

ONE HUNDRED THIRTEENTH:   The individual defendants' acts of arresting plaintiff for fabricated charges, resulted in plaintiff being deprived of his rights under the Due Process Clause of the Fourteenth Amendment, in that he was detained without probable cause, and punished without Due Process and Equal Protection of the law, and also inflicted with cruel and inhuman punishment in violation of the Eighth Amendment.

ONE HUNDRED FOURTEENTH:   As a direct and proximate result of the misconduct of the individual defendants as aforesaid, the plaintiff has sustained, and continues to sustain, emotional harm as he no longer feels confident or comfortable when in view of a SCPD Officer.

ONE HUNDRED FIFTEENTH:       The acts and conduct of the individual defendants alleged in the above stated claims for relief constitute prima facie tort, negligence, gross negligence, false arrest and unlawful imprisonment committed upon the plaintiff, as well as negligent hiring, retention and supervision by SCPD of the individual named defendants.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1.      For actual, compensatory, emotional and punitive damages to be determined by the trier(s) of fact on behalf of plaintiff and against all defendants jointly and severally for their violation of 42 U.S.C. §1983 in that all defendants deprived plaintiff of his rights secured by the Due Process Clause of the Fourteenth Amendment to not be punished without Due Process and Equal Protection of law or deprived of liberty without probable cause, and to be free from cruel and inhuman punishment under the Eighth Amendment.

2.      For actual, compensatory, emotional and punitive damages to be determined by the trier(s) of fact on behalf of plaintiff and against all defendants jointly and severally

for the torts of false arrest, unlawful imprisonment, prima facia tort, negligence, gross negligence, and the negligent hiring, retention and supervision of employees and agents.

      3.     For the equitable relief for the immediate expunging of plaintiff's arrest, and record, as well as corrective action for all Suffolk County Police Officers involved in said wrongdoing.

      4.     For all reasonable attorneys fees pursuant to 42 U.S.C. §1988 and for the costs and disbursements of this action.

      5.     For other further relief as appears reasonable and just.

Dated: Islandia, New York
      September 11, 2013

                      SCOTT MICHAEL MISHKIN, PC

      By:                                        

                    Scott Michael Mishkin, Esq.
                    One Suffolk Square, Suite 240
                    Islandia, New York 11749
                    Telephone: (631) 234-1154